FILED
2013 Jul-26 PM 12:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MONIKA GADSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:13-CV-105-VEH |
| | ) |
| **STATE OF ALABAMA** | ) |
| **DEPARTMENT OF** | ) |
| **CORRECTIONS,** | ) |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Plaintiff Monica Gadson ("Ms. Gadson") initiated this job discrimination case arising under Title VII and 42 U.S.C. § 1981 against the State of Alabama Department of Corrections (the "DOC") on January 16, 2013. (Doc. 1). Pending before the court is the DOC's Motion To Dismiss (Doc. 9) (the "Motion") filed on June 24, 2013. The DOC also supported its Motion on that same date with a separate brief. (Doc. 10).

Ms. Gadson opposed the Motion on July 8, 2013. (Doc. 11). The DOC followed with its reply on July 18, 2013. (Doc. 12). Accordingly, the Motion is now ready for disposition, and, for the reasons explained below, is **GRANTED** with leave for Ms. Gadson to replead her race discrimination claim only.

**II.     Standard**

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should

2

assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

**III.   Analysis**

Ms. Gadson's complaint alleges gender and race discrimination as an employee of the DOC stemming from her being sent to the Warden's office on December 1, 2010, and subsequently "being sent home and not allowed to work because of her hairstyle, dreadlocks." (Doc. 1 at 5 ¶ 17). Ms. Gadson additionally complains that after she returned to work on December 15, 2010, she had to cover up her dreadlocks to avoid being sent home again. (*Id.* ¶¶ 18, 19). Ms. Gadson further states that the DOC "did not have a policy regarding hairstyles for male employees." (*Id.* ¶ 22).

The DOC contends in its Motion that Ms. Gadson's claims are not cognizable under Title VII or § 1981 and relies primarily upon a series of rulings made by Judge

R. David Proctor of this court in the comparable case of *Andrea Campbell v. State of Alabama Department of Corrections*, No. 2:13-CV-0106-RDP (attached by the DOC in this lawsuit as Doc. 9-2 at 1-5, Doc. 9-3 at 1, and Doc. 9-4 at 1).

### A. Gender Discrimination (Count One)

In the *Campbell* case, Judge Proctor dismissed Ms. Campbell's gender discrimination claim against the DOC which, akin to Ms. Gadson's, was premised upon the DOC's objection to her dreadlocks and the alleged absence of any hairstyle policy applicable to the DOC's male employees. (*See* Doc. 9-1 at 4 ¶ 14 ("The policy [disallowed dreadlocks, but] allowed female employees to wear hair weaves, braids and twists. There was no policy regarding hairstyles for men.")). The court has studied Judge Proctor's analysis and finds its reasoning to be persuasive, particularly as the opinion, in turn, relies upon Eleventh Circuit binding precedent as support for the conclusion that a plaintiff cannot assert gender discrimination with respect to the enforcement of an employer's grooming policy even if the requirements for female and male employees are different.

More specifically, in *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385 (11th Cir. 1998), the Eleventh Circuit affirmed the district court's dismissal of a Title VII lawsuit brought by four male employees who complained about a grooming policy that permitted women — but not men — to have long hair. *Id.* at 1386. Regarding the

4

plaintiffs' purported claim for gender discrimination, the Eleventh Circuit reasoned:

> The plaintiffs allege that Blockbuster's grooming policy discriminates on the basis of sex in violation of Title VII. In *Willingham v. Macon Telegraph Pub. Co.*, 507 F.2d 1084, 1092 (5th Cir.1975) (en banc), <u>our predecessor Court held that differing hair length standards for men and women do not violate Title VII, a holding which squarely forecloses the plaintiffs' discrimination claim</u>. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209-10 (11th Cir. 1981). Accordingly, the district court correctly dismissed Count I.

*Harper*, 139 F.3d at 1387 (emphasis added).

Further, as the pre-split *Willingham* court explained regarding an employer's enforcement of hairstyle or grooming standards:

> We agree with the District of Columbia Circuit's treatment of this problem. *Dodge v. Giant Food, Inc.*, D.C. Cir. 1973, 488 F.2d 1333, following that court's earlier decision in *Fagan v. National Cash Register Co.*, 1973, 157 U.S. App. D.C. 15, 481 F.2d 1115. In *Fagan*, the plaintiff employee was discharged for refusal to comply with a company grooming rule because of his long hair, and sued under Sec. 703(a). Dismissal of his suit was affirmed, on the ground that hair length is not constitutionally or statutorily protected, and hence its regulation as to men but not women designed to further the employer's legitimate business interest, is not sexual discrimination. *Fagan v. National Cash Register Co., supra*, 481 F.2d at 1125. Enlarging upon this principle, the court held in *Dodge* that hair length regulations 'are classifications by sex . . . which do not represent any attempt by the employer to prevent the employment of a particular sex, and which do not pose distinct employment disadvantages for one sex. Neither sex is elevated by these regulations to an appreciably higher occupational level than the other. <u>We conclude that Title VII never was intended to encompass sexual classifications having only an insignificant effect on employment opportunities</u>.' *Dodge v. Giant Food, Inc., supra*, 488 F.2d at 1337.

> We adopt the view, therefore, that <u>distinctions in employment practices between men and women on the basis of something other than immutable or protected characteristics do not inhibit employment opportunity in violation of Sec. 703(a)</u>. Congress sought only to give all persons equal access to the job market, <u>not to limit an employer's right to exercise his informed judgment as to how best to run his shop</u>.

*Willingham*, 507 F.2d at 1091-92 (emphasis added).

Accordingly, because Ms. Gadson's dreadlocks are mutable, she cannot plausibly state a claim for gender discrimination with respect to the DOC's prohibition against her wearing dreadlocks, even though the challenged hairstyle policy allegedly only applies to females. Accordingly, the Motion is **GRANTED**, and count one of Ms. Gadson's complaint is **HEREBY DISMISSED WITH PREJUDICE**.

### B.   Race Discrimination (Count Two)[1]

Regarding her race discrimination claim, Ms. Gadson asserts that:

> She was unjustly disciplined because of her race, African American, and subjected to racial discrimination. Plaintiff further avers the Defendant has a habit and/or practice of discriminating against African-Americans.

(Doc. 1 at 8 ¶ 32).

In addressing some similar allegations made by Ms. Campbell, Judge Proctor

---

[1] Because "Title VII and § 1981 'have the same requirements of proof and use the same analytical framework[,]'" *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1256-57 (11th Cir. 2012) (quoting *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)), the court addresses the viability of Ms. Gadson's race discrimination claim asserted under both statutes collectively.

appropriately characterized the claim as one of disparate impact[2] (as opposed to disparate treatment)[3] and concluded:

---

[2] "A disparate impact claim is one that 'involve[s] employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'" *Adams v. Florida Power Corp.*, 255 F.3d 1322, 1324 n.4 (11th Cir. 2001) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609, 113 S. Ct. 1701, 1705, 123 L. Ed. 2d 338 (1993)). Here, the facially neutral employment practice that Ms. Gadson contends has a racially disparate impact is the DOC's enforcement of its hairstyle policy.

[3] "To make out a *prima facie* case of racial discrimination a plaintiff must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citing *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003)). Here, any claim of disparate treatment on the basis of race is flawed for at least two reasons.

First, Ms. Gadson's allegation that she was sent home due to her non-compliance with the DOC's hairstyle policy, without more, is not sufficient to satisfy the adverse employment action element. In particular, the court points out that, in her opposition, Ms. Gadson incorrectly urges that sending her home satisfies the material adversity standard. (Doc. 11 at 2 ¶ 7). However, that "more relaxed" measure is applicable to retaliation claims only, not to alleged discriminatory conduct. *See, e.g., Crawford*, 529 F.3d at 973 ("If any doubt remained regarding the incorrectness of the district court's [retaliation] ruling—though we find none does—application of the decidedly more relaxed *Burlington* standard to the facts of this case must emphatically dispel it."). Instead, "when defining the level of substantiality required for a Title VII discrimination claim, [the Eleventh Circuit still] require[s] an employee to demonstrate she suffered 'a *serious and material* change in the terms, conditions, or privileges of employment' to show an adverse employment action." *Crawford*, 529 F.3d at 970-71 (emphasis added in *Crawford*) (quoting *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001)).

Second, Ms. Gadson has not alleged that the DOC allowed other employees,

> [T]he court is unsure how a policy that purportedly allows black males but not black females to wear a certain hairstyle has a disparate impact based upon race. Nevertheless, the court will provide Plaintiff a final opportunity to amend the complaint to assert a viable disparate impact claim based upon race. That is, as with all such Title VII impact claimants, Plaintiff must be prepared to show, usually through statistical evidence, that the policy in question disproportionately and adversely impacts African-Americans.

(Doc. 9-2 at 5). Accordingly, Judge Proctor dismissed Ms. Campbell's case without prejudice to her right to replead this particular claim. (Doc. 9-3 at 1). Ultimately, Ms. Campbell never amended her complaint, and Judge Proctor dismissed her entire case with prejudice and taxed her with costs. (Doc. 9-4 at 1).

The undersigned, like Judge Proctor, struggles to envision how Ms. Gadson might plausibly plead a disparate racial impact claim premised upon the DOC's enforcement of its hairstyle policy against her. Nevertheless, the court will allow Ms. Gadson the option to endeavor to do so within 20 days from the entry date of this order. Accordingly, count two of Ms. Gadson's complaint is **HEREBY DISMISSED WITHOUT PREJUDICE** to her right to replead a plausible discriminatory impact claim based upon race.

---

outside of her racially protected category, to remain at to work despite their non-compliance with the hairstyle policy.

## IV. Conclusion

For the reasons stated herein the Motion is **GRANTED** with leave for Ms. Gadson to replead only her discriminatory impact claim within 20 days of the entry date of this order. Further, the failure of Ms. Gadson to file an amended pleading that complies with this order will result in a dismissal of her entire case with prejudice.

**DONE** and **ORDERED** this 26th day of July, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge